## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

DAWN M BROWN,

           Plaintiff,

    v.

CAMDEN COUNTY CORRECTIONAL
FACILITY,

          Defendant.

HONORABLE JEROME B. SIMANDLE

Civil Action
No. 16-cv-09352 (JBS-AMD)

**OPINION**

APPEARANCES

Dawn M. Brown
200 Parker Avenue, Apt. B
Woodlynne, NJ 08107

**SIMANDLE, District Judge:**

1. Plaintiff Dawn M. Brown seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Camden County Correctional Facility ("CCCF") for allegedly unconstitutional conditions of confinement. Complaint, Docket Entry 1.

2. 28 U.S.C. § 1915(e)(2) requires courts to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. Courts must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3.    For the reasons set forth below, the Court will

dismiss the Complaint with prejudice in part and dismiss it

without prejudice in part. The Complaint: (a) is dismissed with

prejudice as to claims made against defendant CCCF; (b) is

dismissed without prejudice for failure to state a claim as to

conditions of confinement regarding overcrowding allegations;

and (c) is dismissed without prejudice as to Plaintiff's

conditions of confinement claim regarding denial of medical

care.

### Standard of Review

4.    To survive *sua sponte* screening for failure to state a

claim, the Complaint must allege "sufficient factual matter" to

show that the claim is facially plausible. *Fowler v. UPMS

Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).

"A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct

alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308

n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or

conclusions' or 'a formulaic recitation of the elements of a

cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 555 (2007)). Moreover, while *pro se* pleadings are liberally

construed, "*pro se* litigants still must allege sufficient facts

in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

**Claims Against CCCF: Dismissed With Prejudice**

5.    Plaintiff brings this action pursuant to 42 U.S.C. § 1983[1] for alleged violations of Plaintiff's constitutional rights. In order to set forth a *prima facie* case under § 1983, a plaintiff must show: "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) (citing *Gomez v. Toledo,* 446 U.S. 635, 640 (1980)).

6.    Generally, for purposes of actions under § 1983, "[t]he term 'persons' includes local and state officers acting under color of state law." *Carver v. Foerster*, 102 F.3d 96, 99 (3d Cir. 1996) (citing *Hafer v. Melo,* 502 U.S. 21 (1991)).[2] To

---

[1] Section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983.

[2] "Person" is not strictly limited to individuals who are state and local government employees, however. For example, municipalities and other local government units, such as counties, also are considered "persons" for purposes of § 1983. *See Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978).

say that a person was "acting under color of state law" means that the defendant in a § 1983 action "exercised power [that the defendant] possessed by virtue of state law and made possible only because the wrongdoer [was] clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (citation omitted). Generally, then, "a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *Id.* at 50.

7.    In the Complaint, Plaintiff seeks monetary damages from CCCF for allegedly unconstitutional conditions of confinement. The CCCF, however, is not a "person" within the meaning of § 1983; therefore, the claims against it must be dismissed with prejudice. *See Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)); *Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983). Given that the claims against the CCCF must be dismissed with prejudice, the claims may not proceed and Plaintiff may not name the CCCF as a defendant.

## Conditions Of Confinement Claim - Overcrowding Allegation: Dismissed Without Prejudice

8.    As to Plaintiff's allegations of overcrowding at CCCF (*e.g.*, Complaint § IV (alleging injuries "sleeping on the floor")), the Court will dismiss the Complaint without prejudice for failure to state a claim, 28 U.S.C. § 1915(e)(2)(b)(ii), for the reasons set forth below.

9.    The present Complaint does not allege sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915. Even accepting the statements in Plaintiff's Complaint as true for screening purposes only, there is not enough factual support for the Court to infer a constitutional violation has occurred.

10.    With respect to alleged facts giving rise to her claims, Plaintiff states: "I never gotter [sic] any med attention for neck pain, back pain or ear infection due to sleeping on floor in cell." Complaint § IV.

11.    Plaintiff is seeking "the max for my injuries." *Id*. § V.

12.    Even construing Plaintiff's claims as to conditions of confinement arising from purported CCCF overcrowding must be dismissed because the Complaint does not set forth enough

factual support for the Court to infer that a constitutional violation has occurred.

13.   The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348–50 (1981) (holding double-celling by itself did not violate Eighth Amendment); *Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979))). More is needed to demonstrate that such crowded conditions, for a pretrial detainee, shocks the conscience and thus violates due process rights. *See Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (noting due process analysis requires courts to consider whether the totality of the conditions "cause[s] inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them."). Some relevant factors are the length of the confinement(s), whether plaintiff was a pretrial detainee or convicted prisoner, any specific individuals who were involved in creating or failing to remedy the conditions of confinement,

any other relevant facts regarding the conditions of
confinement, etc.

14. Plaintiff may be able to amend the Complaint to
particularly identify adverse conditions that were caused by
specific state actors, that caused Plaintiff to endure genuine
privations and hardship over an extended period of time, and
that were excessive in relation to their purposes. To that end,
the Court shall grant Plaintiff leave to amend the Complaint
within 30 days of the date of this Opinion.[3]

15. Plaintiff is further advised that any amended
complaint must plead specific facts regarding the conditions of
confinement, including the dates. In the event Plaintiff files
an amended complaint, Plaintiff must plead sufficient facts to
support a reasonable inference that a constitutional violation
has occurred in order to survive this Court's review under §
1915.[4]

---

[3] The amended complaint shall be subject to screening prior to
service.
[4] To the extent the Complaint seeks relief for conditions
Plaintiff encountered prior to December 19, 2014, those claims
are barred by the statute of limitations. Claims brought under §
1983 are governed by New Jersey's two-year limitations period
for personal injury. *See Wilson v. Garcia*, 471 U.S. 261, 276
(1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir.
2010). "Under federal law, a cause of action accrues when the
plaintiff knew or should have known of the injury upon which the
action is based." *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d
472, 480 (3d Cir. 2014). The allegedly unconstitutional
conditions of confinement would have been immediately apparent
to Plaintiff; therefore, the statute of limitations on some of

16.   Plaintiff should note that when an amended complaint
is filed, the original complaint no longer performs any function
in the case and cannot be utilized to cure defects in the
amended complaint, unless the relevant portion is specifically
incorporated in the new complaint. 6 Wright, Miller & Kane,
Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes
omitted). An amended complaint may adopt some or all of the
allegations in the original complaint, but the identification of
the particular allegations to be adopted must be clear and
explicit. *Id.* To avoid confusion, the safer course is to file an
amended complaint that is complete in itself. *Id.* The amended
complaint may not adopt or repeat claims that have been
dismissed with prejudice by the Court in this Opinion and Order.

### Conditions of Confinement Claim- Allegations of Inadequate Medical Care: Dismissed without Prejudice

17.   Plaintiff contends that she suffered from "ear
infections, back pain, neck pain" (referred to hereinafter as
"Medical Care Claim"). Complaint § III(C) and V.

18.   Given that such allegations are insufficient to plead
unconstitutional conditions of confinement as to the adequacy of

---

Plaintiff's claims expired two years after release from
incarceration. In the event Plaintiff elects to file an amended
complaint, it shall be limited to confinements in which
Plaintiff was released after December 19, 2014.

medical care, the Court will dismiss the Medical Care Claim
without prejudice.

19.   The Due Process Clause of the Fourteenth Amendment
applies to pretrial detainees' claims of inadequate medical
care. *Bocchino v. City of Atlantic City*, 179 F. Supp.3d 387, 403
(D.N.J. 2016). "[T]he Fourteenth Amendment in this context
incorporates the protections of the Eighth Amendment" (*Holder v.
Merline*, No. 05-1024, 2005 WL 1522130, at *3 (D.N.J. June 27,
2005) (citing *Simmons v. City of Philadelphia*, 947 F.2d 1042,
1067 (3d Cir. 1991), *cert. denied,* 503 U.S. 985 (1992)), and
most cases have stated that, at a minimum, the Eighth
Amendment's "deliberate indifference" standard will suffice. In
other words, substantive due process rights are violated only
when the behavior of the government official is so egregious and
outrageous that it "shocks the conscience." *A.M. ex rel. J.M.K.
v. Luzerne Cnty. Juvenile Detention Ctr.*, 372 F.3d 572, 579 (3d
Cir. 2004) (citing *County of Sacramento v. Lewis*, 523 U.S. 833,
846-47 (1998)).

20.   Applying this principle in the context of a claim for
violation of the right to adequate medical care, a pretrial
detainee must allege the following two elements to set forth a
cognizable cause of action: (1) a serious medical need; and (2)
behavior on the part of prison officials that constitutes
deliberate indifference to that need. *Estelle v. Gamble*, 429

U.S. 97, 106 (1976); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).

21.  To satisfy the first prong of the *Estelle* inquiry, an inmate must demonstrate that her medical needs are serious. The Third Circuit has defined a serious medical need as: (1) "one that has been diagnosed by a physician as requiring treatment"; (2) "one that is so obvious that a lay person would recognize the necessity for a doctor's attention"; or (3) one for which "the denial of treatment would result in the unnecessary and wanton infliction of pain" or "a life-long handicap or permanent loss." *Atkinson v. Taylor*, 316 F.3d 257, 272-73 (3d Cir. 2003) (internal quotations and citations omitted). When evaluating this first element under *Estelle,* courts consider factors such as "the severity of the medical problems, the potential for harm if the medical care is denied or delayed and whether any such harm actually resulted from the lack of medical attention." *Maldonado v. Terhune*, 28 F. Supp.2d 284, 289 (D.N.J. 1998).

22.  The second element of the *Estelle* test is subjective and "requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need." *Holder*, 2005 WL 1522130, at *4 (citing *Natale*, 318 F.3d at 582) (finding deliberate indifference requires proof that the official knew of and disregarded an excessive risk to inmate health or safety). Conduct that constitutes negligence does not rise to the level

of deliberate indifference; rather, deliberate indifference is a "reckless disregard of a known risk of harm." *Holder*, 2005 WL 1522130, at *4 (citing *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)). Courts have found deliberate indifference "in situations where there was 'objective evidence that [a] plaintiff had serious need for medical care,' and prison officials ignored that evidence[,] *Nicini v. Morra*, 212 F.3d 798, 815 n. 14 (3d Cir. 2000) [and] in situations where 'necessary medical treatment is delayed for non-medical reasons.' *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987)[,] [*cert. denied*, 486 U.S. 1006 (1988)]." *Natale*, 318 F.3d at 582.

23.   Here, Plaintiff's non-specific assertions regarding "ear infection, bad pain, neck pain" (Complaint § III(C) and IV) are insufficient to meet this pleading standard. Plaintiff offers no facts to satisfy either of the two prongs required for her Medical Care Claim. *Estelle*, 429 U.S. at 106; *Natale*, 318 F.3d at 582.

24.   First, the Complaint is silent with respect to facts relevant to establishing *Estelle*'s "serious condition" element, demonstrating that Plaintiff's supposed "bad back" or "neck pain" (Complaint § IV): "(1) has been diagnosed by a physician as requiring treatment"; (2) "was so obvious that a lay person would recognize the necessity for a doctor's attention"; or (3)

was a condition for which "the denial of treatment would result in the unnecessary and wanton infliction of pain" or "a life-long handicap or permanent loss." *Atkinson*, 316 F.3d at 272-73. The Complaint omits facts required to demonstrate "serious condition," such as: the nature, symptoms, and severity of Plaintiff's conditions as a result of allegedly denied medical care. Accordingly, Plaintiff has not satisfied *Estelle*'s "serious condition" element for a Fourteenth Amendment claim.

25. Second, Plaintiff has not alleged any facts suggesting deliberate indifference by any defendant to satisfy *Estelle*'s subjective prong, under which Plaintiff must demonstrate that prison officials acted with "deliberate indifference to h[er] serious medical need[s]." *Holder*, 2005 WL 1522130, at *4 (citing *Natale*, 318 F.3d at 582). For example, Plaintiff here sets forth no allegations as to whether any defendant deliberately ignored her non-specific injuries without justification or with the intent to punish Plaintiff. *See*, *e.g.*, *Mattern v. City of Sea Isle*, 131 F. Supp.3d 305, 316 (D.N.J. 2015) (citing *Nicini*, 212 F.3d at 815 n.14) ("[T]he Third Circuit has found deliberate indifference in situations where there was 'objective evidence that [a] plaintiff had serious need for medical care,' and prison officials ignored that evidence"). Furthermore, the Complaint does not set forth any contentions that are necessary to describe how individual defendants were personally involved

12

with and deliberately indifferent to Plaintiff's purportedly
serious medical needs. Plaintiff's bare allegation that "nobody
gave med attention for me" (Complaint § III(C)) is insufficient,
without more, to establish "deliberate indifference" for a
Fourteenth Amendment claim under *Estelle. See Parkell v.
Markell*, 662 F. App'x 136, 142 (3d Cir. 2015) (plaintiff "had no
constitutionally protected liberty interest in receiving a
particular result through the prison grievance process").

26.   Therefore, the Court finds that Plaintiff's Medical
Care Claim has failed to state a cause of action under the
Fourteenth Amendment. Such claim will be dismissed without
prejudice and with leave to amend the Complaint, within 30 days
after the date this Opinion and Order are entered on the docket,
to meet the pleading deficiencies noted above. The amended
complaint may not adopt or repeat claims that have been
dismissed with prejudice by the Court in this Opinion and
accompanying Order.

## Conclusion

1.   For the reasons stated above, Plaintiff's Complaint
is: (a) is dismissed with prejudice as to claims made against
CCCF; (b) is dismissed without prejudice for failure to state a
claim as to conditions of confinement regarding overcrowding;
and (c) is dismissed without prejudice for failure to state a

claim as to conditions of confinement regarding alleged

inadequate medical care.

    2.    An appropriate order follows.


**June 29, 2017**                     **s/ Jerome B. Simandle**
Date                                   JEROME B. SIMANDLE
                                      U.S. District Judge